**John VEIT, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–3630.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 21, 1984 *.

Decided Oct. 29, 1984.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a); Ninth Circuit Rule 3(f).

John Veit, pro se.

Catherine E. Agor, Asst. Regional Atty., Dept. of Health & Human Services, Seattle, Wash., for defendant-appellee.

Before SNEED, ANDERSON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

The primary issue in this case is whether a federal civil service employee may challenge certain government employment actions or practices in the federal courts. We hold that the comprehensive remedial nature of the Civil Service Reform Act of 1978 ("CSRA") indicates a congressional intent to preclude such judicial review except as provided for in the statute itself. We therefore affirm the trial court's order granting defendant's summary judgment motion.

## I FACTS

Appellant John Veit is a career employee of the Social Security Administration ("SSA"), which is part of the Department

of Health and Human Services. In October 1982, Veit's job performance was evaluated pursuant to the Merit Pay System provisions of the CSRA, which mandate that employee compensation be periodically adjusted to recognize and reward quality performance. *See* 5 U.S.C. §§ 4301–4305, 5401–5405. The SSA's evaluation system classifies supervisory employees such as Veit in one of five categories: unsatisfactory, minimally satisfactory, fully successful, exemplary and outstanding. Veit was classified as "fully successful," a rating which did not entitle him to a salary increase or cash award.

In May 1983, Veit informed the Director of the Office of Personnel Systems Integrity ("OPSI") that he had found statistics indicating that the application of the appraisal system in the SSA's Seattle office was arbitrary and capricious, and requested that his October 1982 performance rating be raised to the "exemplary" category. The OPSI advised Veit that it could not review his performance rating until it had been the subject of a final grievance decision. Veit then filed a formal grievance, which was rejected as untimely. The OPSI upheld the rejection of Veit's grievance, thereby terminating his administrative remedies.

Veit then sued Appellee Margaret Heckler, the Secretary of Health and Human Services ("the Secretary"), in federal district court, claiming that the SSA performance appraisal system did not use objective criteria, permitted pre-established distributions of expected levels of performance, and resulted in an unfairly low appraisal of appellant. Veit also alleged that the agency's implementation of its performance appraisal system deprived him of a property interest in violation of the fifth amendment's due process clause. Veit asked the court for a retroactive increase in his 1982 appraisal score and an injunction against further application of the SSA's performance appraisal system.

Veit subsequently moved for summary judgment. Although the Secretary failed to file a timely response to that motion, the trial judge granted her an extension of time based on her attorney's assertion that he did not realize an answer was necessary, both because the motion was filed prematurely and because it was allegedly defective on its face. The Secretary thereafter filed a motion to dismiss or, in the alternative, for summary judgment. The district court, in a well-reasoned order, granted the Secretary's summary judgment motion on the ground that the SSA's employment evaluation system was not subject to federal court review. The trial court also found that Veit did not have a property interest in a merit pay increase or award that could give rise to a fifth amendment claim. Veit appealed from the granting of the Secretary's summary judgment motion.

## II STANDARD OF REVIEW

In reviewing a summary judgment, this court views the evidence in the light most favorable to the nonmoving party, and determines whether the trial court correctly found that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Fine v. Barry & Enright Productions,* 731 F.2d 1394, 1396 (9th Cir.1984); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030, 1033 (9th Cir.1983). We may affirm a summary judgment on any ground appearing in the record. *Fine,* 731 F.2d at 1396.

## III JUDICIAL REVIEW OF FEDERAL PERSONNEL ACTIONS AND PRACTICES

The CSRA provides a comprehensive scheme for administrative and judicial review of federal personnel actions and practices. The D.C. Circuit Court of Appeals recently described that system as follows:

> [T]he scheme which we believe the statute establishes [provides]: (1) for major personnel actions specified in the statute ("adverse actions"), direct judicial review after extensive prior administrative proceedings; (2) for specified minor personnel actions infected by particularly heinous motivations or disregard of law

("prohibited personnel practices"), review by the Office of Special Counsel, with judicial scrutiny "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry," ...; and (3) for the specified minor personnel actions not so infected, and for all other minor personnel actions, review by neither OSC nor the courts.

*Carducci v. Regan,* 714 F.2d 171, 175 (D.C. Cir.1983) (citation omitted).

Veit has not alleged that the SSA's actions or procedures constitute one of the "prohibited personnel practices" or "adverse actions" specifically listed in the statute, and the record would not support such a contention in any event. *See* 5 U.S.C. §§ 2302, 7502, 7512. Therefore, federal court review is inappropriate unless the statute's failure to provide either administrative or judicial remedies implies a congressional intent to permit a private right of action or review under the general provisions of the Administrative Procedure Act ("APA"). Although our court has not previously addressed this question, other circuits have held that the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all. *See, e.g., Carducci v. Regan,* 714 F.2d 171 (D.C. Cir.1983); *Braun v. United States,* 707 F.2d 922 (6th Cir.1983); *Broadway v. Block,* 694 F.2d 979 (5th Cir.1982). *See also Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) (citing the comprehensive nature of civil service remedies as the reason for declining to create a "new judicial remedy" for federal employees who are fired for exercising their first amendment rights).

We agree that the federal courts have no power to review federal personnel decisions and procedures unless such review is expressly authorized by Congress in the CSRA or elsewhere. As the *Carducci* court stated, "failure to include some types of nonmajor personnel action within the remedial scheme of so comprehensive a

piece of legislation reflects a congressional intent that no judicial relief be available—that the matter be deemed 'committed to agency discretion by law.'" *Carducci,* 714 F.2d at 174 (footnote omitted). The trial court was therefore correct in holding that neither the CSRA, the APA nor any other authority gave it the power to review Veit's performance rating or the rating system in general.

## IV DUE PROCESS CLAIM

 The district court also refused to hear Veit's constitutional due process claim on the ground that he had no property interest in a merit pay increase. We agree. Although prior to the enactment of the CSRA the federal government maintained a system of largely automatic periodic pay increases, the only possible current basis for Veit's claim of entitlement to the requested salary increase is the merit pay statute itself. *See* 5 U.S.C. §§ 5401 *et seq.* Nothing in the statute or applicable regulations creates any expectation or entitlement to either a merit pay increase or to notice that an employee will receive a relatively low performance rating. Furthermore, Veit had an opportunity to challenge his rating through the SSA's grievance procedure and failed to do so within the reasonable time allowed. Where established procedures provide for hearings and appeals in employment matters, an employee who does not avail himself of those procedures in a timely manner fails to exhaust his administrative remedies and is therefore precluded from seeking judicial review. *See Belnap v. Chang,* 707 F.2d 1100, 1102 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 528, 78 L.Ed.2d 711 (1983) (involving an employee discharge). The trial judge correctly held that there was no fifth amendment violation since Veit had no property interest in a merit pay increase.

## V MOTION TO EXTEND TIME

 Veit also appeals the trial court's granting of the Secretary's motion to extend time to respond to his summary judgment motion on the ground that Local Civ.R. 6(b) only allows for such extensions

where "the failure to act was the result of excusable neglect." Although the trial court did not use the words "excusable neglect" in its order reaffirming the granting of an extension of time, it did explicitly base its decision on "defendant's argument that her answer was not due and plaintiff's summary judgment motion was premature since filed just eight days after personal service on the U.S. Attorney, and that plaintiff has in no way been prejudiced but has been able to fully respond." Since the trial court's order and the Secretary's motion provide ample support for a finding of "excusable neglect," we will not overturn the trial court's decision. Furthermore, it is clear from the face of Veit's unsigned summary judgment motion and supporting documents, which contained neither affidavits nor citations to any authorities, that the district court was correct in holding that they fail to demonstrate that there was no genuine issue of material fact and that Veit was entitled to judgment as a matter of law. Since Veit could not have obtained summary judgment even if the Secretary had never answered his motion, he could not have been prejudiced by the extension of time. *See generally* Fed.R. Civ.P. 56 (requirements for granting summary judgment). The trial court acted properly in granting the Secretary's request for an extension of time.

## VI CONCLUSION

The Secretary met her burden of demonstrating that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. The trial court's order granting defendant's summary judgment motion is affirmed in all respects.