**Herbert LEVY, Plaintiff,**

v.

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

**No. 88 Civ. 0352 (RO).**

United States District Court, S.D. New York.

Dec. 8, 1988.

Herbert Levy, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (James L. Cott, Asst. U.S. Atty., of counsel), for defendant.

MEMORANDUM AND ORDER

OWEN, District Judge:

Plaintiff Herbert Levy, an attorney appearing *pro se*, brings this action against his employer, the Department of Housing

and Urban Development ("HUD"). Plaintiff claims that his annual work evaluation report for 1986–87, prepared by his supervisor under 5 U.S.C. § 4301 *et seq.*, should be modified from "fully satisfactory," the rating he received, to a rating of "outstanding." Defendant HUD moves to dismiss for lack of subject matter jurisdiction and plaintiff cross moves for summary judgment.

The Performance Management and Recognition System, 5 U.S.C. § 4301 *et seq.*, establishes a framework for performance evaluation appraisals for covered employees such as plaintiff. On October 5, 1987 plaintiff received his evaluation for the period October 1, 1986 to September 30, 1987. For each of the "critical elements" of job performance as set forth in 5 U.S.C. § 4302a(b)(2) he could have received one of five ratings ranging from "outstanding" to "unsatisfactory." He was awarded a "highly satisfactory" rating for one element and "fully satisfactory" for each of the three additional elements. Plaintiff was dissatisfied with his evaluation, and on October 15, 1987, he filed an informal grievance petition.

HUD's informal grievance procedures require an employee whose grievance is based on a performance evaluation to file the grievance with the official who conducted the review, *see* HUD Handbook 2–1e. Since this individual was away from the office and unable to accept the grievance petition on that day, Levy filed it with HUD's Deputy Regional Administrator, Edmund Davis. On November 9, 1987, Davis denied plaintiff's informal grievance petition. Shortly thereafter, on November 12, 1987, plaintiff served a formal grievance on Timothy L. Coyle, the Deputy Undersecretary for Field Operations, alleging that the initial review conducted by Davis was "incomplete," "fragmentary" and "biased." On December 28, 1987, Coyle denied plaintiff's grievance and advised that his review constituted final agency action.

On January 19, 1988 plaintiff commenced this action, claiming that HUD's failure to award him an "outstanding" performance evaluation is subject to judicial review pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), and that HUD's improper treatment of his grievance amounts to an unconstitutional deprivation of property without due process in violation of the fifth amendment because he was denied a merit pay increase as a result. HUD moves to dismiss, alleging that agency action in this instance is not reviewable in the district court and that the court therefore lacks subject matter jurisdiction.

■ The APA allows for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. However, such review is not without limitation, *see* 5 U.S.C. § 701(a)(1), (2) (judicial review foreclosed if "statutes preclude judicial review" or if "agency action is committed to agency discretion by law"). Because Congress clearly intended to exclude "satisfactory" performance evaluations from judicial review, plaintiff's first claim must be dismissed.

The Performance Management and Recognition System, 5 U.S.C. § 4302a, provides the framework for analysis of federal employees' performance evaluation appraisals. The statute clearly states that performance evaluations "may not be appealed outside the agency." 5 U.S.C. § 4302a(c)(1)(E). *See also Veit v. Heckler,* 746 F.2d 508, 511 (9th Cir.1984) (neither the CSRA nor APA gives court power to review performance rating). Moreover, the legislative history of the Civil Service Amendments demonstrates clear congressional intent to preclude judicial review, as "nothing in the appraisal is appealable except an employee rating below the fully successful level." S.Rep. No. 351, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.Code Cong. & Admin. News 5563, 5569. Levy's evaluation was *above* the "fully successful" rating in this instance, and it caused no penalty or threat of a penalty. The statute does not contemplate redress for claims of such disgruntled employees who have received less than perfect evaluations, particularly in light of the statement in the legislative history that "failure to pay a performance award is not appealable." *Id.* at 5568.

5 U.S.C. § 4302a(c)(1)(D) does provide for agency review of a performance evaluation upon the employee's request. Levy claims, however, that his evaluation was factually inaccurate and, moreover, was procedurally flawed because it was not conducted by the individual who actually reviewed his performance. He also cites the inconsistency between HUD Handbook 2–1e, which sets forth this grievance review procedure, and 5 U.S.C. § 4302a(c)(2), which directs that performance evaluations be reviewed by an employee higher within the agency than the actual reviewer. Even if Levy's contention of procedural flaw is accepted as true, whatever deficiencies existed in the initial review were corrected by the second and final review, in which Deputy Undersecretary Coyle upheld the performance evaluation. Therefore, given the statutory framework of § 4302a expressly precluding review outside the agency and clear congressional intent to exclude acceptable performance evaluations from appeals in the courts, it would be beyond the court's discretion to reconsider the agency's actions in this instance.

Plaintiff's constitutional claim also fails. His allegation that HUD's failure to comply with its procedural guidelines deprived him of his pay increase without due process is not of constitutional dimension. For Levy to claim a legitimate property right which must be afforded protection, "he must have more than a unilateral expectation of it. He must instead have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Clearly, the grant or denial of a merit pay award is within the agency's discretion. Since there is no guarantee of an "outstanding" evaluation, there can be no "legitimate claim of entitlement" to a merit pay increase. Legislative history is consistent with such an interpretation, *see* S.Rep. No. 351, 98th Cong., 2d Sess. 5, *reprinted in* 1984 U.S.Code Cong. & Admin.News 5563, 5567 (new objective of statute is to "reduce or withhold pay increases for poor performance."). Because Levy did not have a clear "right" to an increase, his constitutional claim must also be dismissed.

Accordingly, defendant's motion to dismiss is granted, plaintiff's cross motion for summary judgment is denied, and the action is dismissed.

So ordered.