**Rex B. CAMPBELL, James D. Blair, Ronald D. Foster, and Birt T. Jones, Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF the AIR FORCE and Edwards Air Force Base, CA, Defendants.**

**No. CV–F–90–400 REC.**

United States District Court, E.D. California.

Jan. 10, 1991.

See also 755 F.Supp. 893.

Rex B. Campbell, in pro. per.

Mark E. Cullers, Asst. U.S. Atty., Fresno, Cal., for defendants.

DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS

COYLE, Chief Judge.

On October 29, 1990 the court heard Motion to Dismiss by defendants United States Department of the Air Force and Edwards Air Force Base. Upon due consideration of the written and oral arguments of the parties, the court now enters its order granting the motion as set forth herein.

I. BACKGROUND

On June 7, 1987 plaintiffs transferred from other federal agencies to the Depart-

ment of the Air Force at Edwards Air Force Base. Their rates of pay had been set at the minimum rates for the grades to which each was then assigned. Plaintiffs argued and are now arguing that their rates should have been based on their "highest previous rate," thereby entitling them to a basic rate of pay equal to or one step higher than their highest previous rate.

On June 24, 1987 plaintiffs met with the Civilian Personnel Officer at Edwards to express their disagreement with the pay rate. This "informal grievance" was apparently denied, because on June 30, plaintiffs appealed the matter to the Merit Systems Protection Board ("MSPB"). On July 13, the MSPB decided it did not have jurisdiction. On January 19, 1988 the MSPB denied plaintiff's petition for review of the initial decision, which then became final.

On February 29, 1988 plaintiffs filed a formal grievance with the Civilian Personnel Officer at Edwards. The grievance was referred to the Air Force Civilian Appellate Review Agency, which denied the grievance on January 4, 1989. Plaintiffs appealed to the Air Force Appeal and Grievance Examiner, who recommended that plaintiffs' grievance be denied. Relying on this recommendation, the Department of the Air Force denied the grievance on April 12, 1989. On April 25, 1989, plaintiffs requested the Office of the Secretary of the Air Force to review the Department's decision. On August 31, 1990 plaintiffs received a letter from the Office of the Secretary of the Air Force. According to plaintiffs, the letter did not address the issue of the basic pay rate, but only addressed plaintiffs' grievance regarding the Air Force's grievance procedures.[1]

Plaintiffs had lodged their initial complaint regarding the Air Force's grievance procedures with the Office of Personnel Management ("OPM") on August 31, 1988. That complaint states that the Air Force grievance procedures, specifically the time limits contained therein, are not in compliance with the criteria set forth in 5 C.F.R. § 771.302(a), (b), and (f). On October 14, the OPM responded with a letter, determining that the time limits in an agency grievance procedure are discretionary with the particular agency. Plaintiffs responded with a letter of disagreement with the determination, and the OPM advised plaintiffs that the Air Force was considering the grievance. On March 21, 1989, the Air Force denied plaintiff's grievance, and plaintiffs appealed to the Office of the Secretary of the Air Force on April 25, 1989 (along with the appeal of the determination regarding plaintiffs' basic pay rate). According to plaintiff, on August 31, 1990 the Office of the Secretary of the Air Force responded, determining that the Air Force grievance procedures are not "grievable" under the Air Force grievance procedures.[2]

Plaintiffs filed a complaint with this court on June 27, 1990. Plaintiffs' complaint essentially alleges three "causes of action." First, plaintiffs assert that Edwards Air Force Base committed a prohibited personnel practice in violation of 5 U.S.C. §§ 2302(a)(2)(A)(ix) and (b)(1)(E) when it set basic rates of pay. Second, plaintiffs contend that the Air Force Grievance Procedures violate 5 C.F.R. §§ 771.302(a), (b), and (f) to the prejudice of plaintiffs' rights. Third, plaintiffs claim that the OPM abrogated its responsibility under 5 C.F.R. § 771.304.[3]

Defendants United States Air Force and Edwards Air Force Base move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of subject matter jurisdiction.

---

**1.** Plaintiffs received this letter after filing the instant complaint with this court. The letter is not before the court.

**2.** As previously stated, that letter is not before the court.

**3.** The court is inclined to note that plaintiffs' complaint fails to properly allege causes of action. Nevertheless, the court, noting that plaintiffs are *in pro per*, has permitted the plaintiffs to proceed with their complaint. The above construction of plaintiffs' complaint was provided by defendants. Because plaintiffs have not objected to this construction, the court will proceed on the premise that plaintiffs agree with it.

## II. PROHIBITED PERSONNEL PRACTICE

■ Plaintiffs assert that Air Force's implementation of its Standard Operating Procedure ("SOP") No. 52 is a prohibited personnel practice in violation of 5 U.S.C. §§ 2302(a)(2)(A)(ix) and (b)(1)(E).

SOP No. 52 provides in pertinent part as follows:

1. Appointments

a. A higher previous rate will be used to set pay for DOD family members who are reinstated within one year of expiration of [leave without pay] taken to accompany a military or federal civilian employee sponsor on a transfer, regardless of the type of appointment.

b. For others:

(1) Regardless of any higher previous rate, the salary of temporary appointees ... should not normally be set above the minimum step of the grade to which being appointed except when they are being converted from another type of appointment.

(2) A higher previous rate will be used to set pay for permanent appointees and for those temporary appointees being converted from other appointments as described above, provided:

(a) the higher rate was earned within the past five years and

(b) the appointee, within the past three years, has worked in the same or a similar line of work as that to which being appointed. (This need not have been federal employment.)

c. For all appointments in which the highest previous rate is used to set pay, if the higher rate falls between two steps of the grade to which being appointed, pay will normally be set at the lower of the two steps.

The particular subsections of 5 U.S.C. section 2302[4] on which plaintiffs rely provide as follows:

(a)(2) For the purpose of this section—

(A) "personnel action" means—

(ix) a decision concerning pay, benefits, or awards, ...

(b) Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

(1) discriminate for or against any employee or applicant for employment—

(E) on the basis of marital status or political affiliation, as prohibited under any law, rule, or regulation.

In defendants' motion to dismiss, they assert that plaintiffs' exclusive remedy for a claim based on a prohibited personnel practice is within the Civil Service Reform Act ("CSRA"). Specifically, defendants assert that plaintiffs have not pursued the administrative remedies provided for them under the CSRA.

The CSRA provides a comprehensive scheme for administrative and judicial review of federal personnel actions and practices. The Court of Appeals for the D.C. Circuit described that system as follows:

[T]he scheme which we believe the statute establishes [provides]: (1) for major personnel actions specified in the statute ("adverse actions"), direct judicial review after extensive prior administrative proceedings; (2) for specified minor personnel actions infected by particularly heinous motivations or disregard of law ("prohibited personnel practices"), review by the Office of Special Counsel, with judicial scrutiny "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry," ...; and (3) for the specified minor personnel actions not so infected, and for all other minor personnel actions, review by neither OSC nor the courts.

*Carducci v. Regan*, 714 F.2d 171, 175 (D.C. Cir.1983) (citations omitted). This analysis was cited with approval by the Ninth Circuit in *Veit v. Heckler*, 746 F.2d 508, 510–11 (9th Cir.1984).

Plaintiffs in the instant case have alleged a prohibited personnel practice. Thus, the proper avenue of redress would have been a claim to the Office of Special Counsel ("OSC"). 5 U.S.C. § 1214(a)(1)(A). Should

---

4. Section 2302 is part of the Civil Service Reform Act.

the OSC determine that there are reasonable grounds to believe a prohibited personnel practice has occurred, the OSC may bring the action before the MSPB.

The procedural error plaintiffs committed was proceeding directly to the MSPB. Section 2302, the section prohibiting particular personnel practices, is not an independent source of jurisdiction for the MSPB. *Saunders v. MSPB*, 757 F.2d 1288, 1290 (Fed.Cir.1985); *Soto v. Dept. of Army*, 5 MSPB 375, 5 M.S.P.R. 353, 354 (1981). The MSPB may assert jurisdiction to hear allegations of a prohibited personnel practice only after the OSC finds reasonable ground to believe that such a practice occurred or exists.

Accordingly, this court lacks subject matter jurisdiction over plaintiffs' claim founded on a prohibited personnel practice because plaintiffs failed to exhaust their administrative remedies.

### III. AIR FORCE GRIEVANCE PROCEDURES

■ Plaintiff's second "cause of action" alleges that the Air Force's grievance procedure violates 5 C.F.R. sections 77.302(a), (b), and (f) to the prejudice of plaintiffs' rights, as evidenced by the failure of the Air Force to timely respond to plaintiffs' grievances.

The Air Force procedure that plaintiffs are challenging provides as follows:

(1) Management Time Limits. A supervisor to whom an informal grievance has been presented must attempt to resolve it and ensure that the employee is given a decision on the matter not later than 15 days after the date of initial presentation. If that initial time limit cannot be met, the employee and the employee's representative must be notified, in writing, of the date by which a decision will be received and of the right to request that the grievance be submitted for formal grievance consideration according to paragraph 3–4a(3) if the informal decision is not issued by the date indicated.

Air Force Regulation 40–771–3–3(d)(1). Plaintiffs claim that the last sentence of this Regulation violates 5 C.F.R. sections 771.302(a), (b), and (f), which provide as follows:

The following criteria shall govern the establishment and administration of an agency administrative grievance system:

(a) Prompt consideration of each grievance, including reasonable time limits for processing the grievance.

(b) Procedures appropriate for the matter being grieved which provide the employee a reasonable opportunity to present a grievance and receive fair consideration of the matter being grieved....

. . . . .

(f) At any time an employee places a grievance in writing, a written decision, which includes a report of findings and reasons for the determination, made by: [specified officials].

Defendants contend that the regulations that plaintiffs challenge fall within the discretionary authority of the Department of the Air Force and the Office of Personnel Management (OPM) and are, thus, not subject to judicial review.[5] Defendants urge this court to look to the language of the statutes upon which 5 C.F.R. section 771.302 is based, specifically 5 U.S.C. sections 1302, 3301, 3302, and 7301. Section 1302 requires OPM to assist the President to prepare rules and regulations "as he may request." Sections 3301 and 3302 state that the President "may" prescribe rules and regulations for the civil and competitive services. Section 7301 allows, but does not mandate, establishing rules for employees of the executive branch.

The Ninth Circuit has set forth the following principles to aid lower courts in determining whether a particular agency action is reviewable:

Judicial reviewability of administrative action is the rule and nonreviewability a narrow exception, the existence of which must be clearly demonstrated. The Supreme Court has stated that review is

---

**5.** The APA provides judicial review of agency action unless a statute precludes review or un-

less the agency action is committed to agency discretion by law. 5 U.S.C. § 701(a).

precluded only "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" If, however, no law fetters the exercise of administrative discretion, the courts have no standard against which to measure the lawfulness of agency action. In such cases no issues susceptible of judicial resolution are presented and the courts are accordingly without jurisdiction.

*City of Santa Clara, Cal. v. Andrus,* 572 F.2d 660, 666 (9th Cir.), *cert. denied,* 439 U.S. 859, 99 S.Ct. 177, 58 L.Ed.2d 167 (1978) (citations omitted).

The court finds that the establishment of time limits in grievance procedures is discretionary with the OPM and the Air Force. The statutory language of the Code sections upon which the Federal Regulation at issue is based is clearly discretionary. In addition, the Regulation itself provides that an agency shall establish "reasonable" time limits. Plaintiffs have not identified any statutory or regulatory limits that define the discretion of either the OPM or the Air Force in establishing time limits for employee grievance procedures. In the absence of such limitation, this court lacks jurisdiction to review the questioned action.

### IV. OPM RESPONSIBILITY UNDER 5 C.F.R. § 771.304

Section 771.304 provides in pertinent part as follows:

> The Office of Personnel Management shall review from time to time each agency administrative grievance system developed under this part to determine whether the administrative grievance system meets the requirements of this part.

Plaintiffs assert in their Complaint that the OPM has abrogated its responsibility under this section, "thus leaving the Court the Plaintiffs only avenue of relief."

The court finds that, even if OPM has abrogated its responsibility, the plaintiffs have not set forth the authority by which this court can order the defendants herein, specifically the Air Force and Edwards Air Force Base, to direct the OPM to comply with a Regulation.

ACCORDINGLY, IT IS ORDERED that defendants' Motion to Dismiss is granted.

IT IS FURTHER ORDERED that the Clerk enter judgment for defendants United States Air Force and Edwards Air Force Base.