59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Del KIDD; Judy Kidd, Plaintiffs - Appellants,
v.
UNITED STATES of America, Defendant - Appellee.
 No. 93-17336.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Sept. 12, 1994.*
Decided: Jan. 13, 1995.
 
 1
 Before: POOLE and NOONAN, Circuit Judges, and MARQUEZ**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In this appeal Del and Judy Kidd, appearing pro se, seek judicial review of the federal civil service grievance process. The Kidds claim that the grievance process for alleged prohibited personnel practices at the Bureau of Reclamation has denied Del Kidd of his constitutional rights to due process, equal protection, privacy, freedom of speech, and freedom of assembly. We affirm the district court's disposition of this case.
 
 I.
 
 4
 The parties are aware of the facts and previous proceedings in this case so we do not repeat them here.
 
 II.
 
 5
 We review dismissals for lack of subject matter jurisdiction and dismissals for failure to state a claim upon which relief can be granted de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989), cert. denied, --- U.S. ---, 110 S. Ct. 3217 (1990).
 
 
 6
 We review a district court's entry of summary judgment de novo. White v. Atlantic Richfield Co., 945 F.2d 1130, 1132 (9th Cir. 1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.; Fed. R. Civ. P. 56(c).
 
 
 7
 Nevertheless, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial and "may not rest upon mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-30 (9th Cir. 1987). Moreover, there is no genuine issue of material fact if the nonmoving party "fail[s] to make sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 III.
 
 8
 The district court held that the Administrative Procedures Act (APA) did not provide a basis for jurisdiction over the OSC's decision to not pursue their claims of prohibited personnel practices. The Kidds argue for APA review because there is a presumption that Congress intended judicial review of agency actions (Traynor v. Turnage, 485 U.S. 535, 542 (1988)), and the Civil Service Reform Act (CSRA) says nothings which explicitly preempts the APA.
 
 
 9
 The Kidds, however, have failed to distinguish our prior holding that review of administrative personnel actions pursuant to the APA is improper. Veit v. Heckler, 746 F.2d 508, 511 (9th Cir. 1984) specifically held that APA review of CSRA grievances was improper because "the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all." In light of Veit, we affirm the district court's refusal to accept jurisdiction pursuant to the APA.
 
 IV.
 
 10
 The district court held that it had no jurisdiction to hear the Kidds' claims stemming from the Merit System Protection Board's (MSPB's) denial of Del Kidd's "whistleblower" action. The Federal Circuit has exclusive jurisdiction over final decisions of the MSPB. 5 U.S.C. Sec. 7703(b)(1). Kidd has appealed the MSPB's decision to the Federal Circuit.
 
 
 11
 The district court appropriately determined that the only basis for the Kidds' first amendment claims is Del Kidd's alleged whistleblowing. The Federal Circuit has exclusive jurisdiction to review those claims. To the extent that due process was denied by the MSPB's denial of his whistleblower action, the Kidds have recourse to the Federal Circuit. If they are not satisfied with the Federal Circuit's resolution of these alleged constitutional deficiencies they may petition the Supreme Court for certiorari. Accordingly, we affirm the district court's decision to not review the MSPB's decision.
 
 V.
 
 12
 The Kidds ask for declaratory relief. Federal Rule of Civil Procedure 57 states that the existence of another adequate remedy, such as the CSRA process, "does not preclude a judgment for declaratory relief in cases where it is appropriate." But the Declaratory Judgment Act, 28 U.S.C. Sec. 2201, is not a grant of jurisdiction to the federal courts. It merely makes available an additional remedy in cases where a court already has subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). The Kidds' plea for declaratory relief cannot be read to imply jurisdiction.
 
 VI.
 
 13
 The Kidds ask for injunctive relief. In Saul v. United States, 928 F.2d 829 (9th Cir. 1991), we stated that "[t]he CSRA's elaborate remedies show that judicial interference in federal employment is disfavored, whether the employee requests damages or injunctive relief.... The CSRA precludes [a plaintiff] from seeking injunctive relief for his asserted constitutional injury just as it precludes him from bringing a Bivens action for damages." We have previously held, pursuant to Saul, that the Kidds' claim for a Bivens action in this case is precluded by the CSRA. Kidd v. United States, 92-15657, memorandum disposition (9th Cir. Oct. 7, 1993).
 
 
 14
 Saul, following the majority of circuits that have addressed the issue,[1] clearly indicates that the CSRA precludes injunctive relief in CSRA cases. Accordingly, the district court correctly determined that it did not have jurisdiction to provide injunctive relief in regard to the remaining constitutional issues of privacy, equal protection, and due process.
 
 VII.
 
 15
 The Kidds argue that the central claim of this case is "that the court should review the remedial scheme established under the CSRA to determine if it adequately protects the constitutional rights of federal employees like Kidd." Kidd relies on Crowell v. Benson, 285 U.S. 22 (1932) for the proposition that the federal courts must review the constitutionality of the CSRA because it presents a federal constitutional issue. Crowell, however, carefully distinguishes between federal court power in cases affecting private rights and cases affecting public rights (public rights being defined as rights arising "between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments"). 285 U.S. at 50. According to Crowell, with regard to issues such as public employment, Congress may establish dispute resolution processes such as those established in the CSRA
 
 
 16
 'to examine and determine various matters, arising between the government and others, which from their nature do not require judicial determination and yet are susceptible of it.' But 'the mode of determining matters of this class is completely within congressional control. Congress may reserve to itself the power to decide, may delegate that power to executive officers, or may commit it to judicial tribunals.' Ex parte Bakelite Corporation, 279 U.S. 438, 451.
 
 
 17
 Id. at 50-51. The Kidd's have also failed to recognize that sovereign immunity, in and of itself, provides a severe limit on federal court jurisdiction. See Cary v. Curtis, 44 U.S. (3 How.) 235, 244-45 (1845).
 
 VIII.
 
 18
 The district court acknowledged that it had limited jurisdiction to review the OSC's investigation. We have previously noted that judicial review of the OSC is "limited, at most, to insuring compliance with the statutory requirement that the OSC perform an adequate inquiry." Veit v. Heckler, 746 F.2d 508, 510-11 (9th Cir. 1984) (quoting Carducci v. Regan, 714 F.2d 171, 175 (D.C. Cir. 1983). Kidd argues that the district court improperly granted summary judgment on this issue, in part because the court relied upon the affidavit of Mr. Leonard M. Dribinsky, which had been challenged by the Kidds' motion to strike as irrelevant, self-serving hearsay. The Kidds also complain that they were denied necessary discovery that rendered summary judgment premature.
 
 
 19
 The district court's order of October 15, 1993 (CR 41) did not explicitly address the Kidds' Motion to Strike the Affidavit of Dribinsky, or their Motion for a Continuance to Complete Discovery, although both motions were made in the Kidds' August 10, 1993 Response to the Government's Motion to Dismiss (CR 35). The district court's order, however, disposes of CR 35, and implicitly denies both motions.
 
 A.
 
 20
 Leonard M. Dribinsky was the Deputy Associate Special Counsel for Prosecution of the OSC. As the government official charged with deciding whether to pursue complaints, he decided not to pursue the Kidds' complaint, and sent official notification that no further action was being taken on their complaints. Dribinsky's affidavit about what steps OSC followed in reviewing both of the Kidds' complaints goes to the very heart of what the district court decided on summary judgment. It is not irrelevant. It is based on personal knowledge of what happened with the Kidds' complaints. It is not hearsay. The fact that Dribinsky might have a vested interest in the outcome does not provide a legal basis for striking the affidavit. The district court's implicit denial of the Kidds' motion to strike was proper.
 
 B.
 
 21
 We review a district court's refusal to permit further discovery pursuant to Federal Rule of Civil Procedure 56(f) for abuse of discretion. Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir. 1991). The Kidds contend that the information needed to address the adequacy of the OSC's investigation remains in the sole possession of the OSC, or with individuals who have not yet been deposed.
 
 
 22
 Congress has given OSC authority to systematically screen out unmeritorious employee complaints. Wren v. Merit Systems Protection Bd., 681 F.2d 867, 875 n. 9 (D.C. Cir. 1982). The D.C. Circuit, however, in providing independent judicial review of the adequacy of OSC investigations reasoned "we cannot so easily conclude that Congress meant to provide no means to enforce the OSC's failure to perform a ministerial duty, i.e., to investigate or to screen to some degree employee complaints which allege prohibited personnel practices." Id. (emphases added). In Wren the petitioner had sought an OSC investigation in March 1979. She never heard anything about her complaint until she contacted the OSC again, more than a year later, and was subsequently informed that her case had been closed a year earlier without being reviewed on the merits. 681 F.2d 870-71.
 
 
 23
 The Wren court was clearly critical of the OSC's failure to perform minimal ministerial functions. Nonetheless, by granting some type of judicial review of OSC determinations, the D.C. Circuit did not indicate that courts should engage in more substantive review than that required by our general administrative law. In other words, nothing in Wren or its progeny suggests to us that courts should review more than whether the agency's action was arbitrary, capricious, an abuse of discretion, not in accordance with law, or taken without observance of procedure required by law. Compare 5 U.S.C. Sec. 706(2)(A) (APA standard of review).
 
 
 24
 The law requires OSC to investigate allegations of prohibited personnel practices "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. Sec. 1214(a)(1)(A). When it ends its investigation, the OSC is required to prepare and transmit to the complainant a written statement that notifies the person that the investigation has ended, provides a summary of the relevant facts that support and do not support the allegations, and provides the reasons for ending the investigation. 5 U.S.C. Secs. 1214(a)(2)(i), (a)(2)(A)(ii) and (a)(2)(A)(iii).
 
 
 25
 Inasmuch as the caselaw only provides for a highly deferential review of OSC investigations the district court did not abuse its discretion when it ended discovery once it was in possession of the closure letters, the Dribinsky affidavit, and the other materials related to OSC's statutory ministerial duties. We affirm the district court's October 15, 1993 order as a valid denial of the Kidds' request for a continuance of discovery.
 
 C.
 
 26
 The undisputed material facts before the court, then, were that the examiners had reviewed the complaints and supporting material, and contacted the plaintiffs. Recommendations and summaries had been reviewed by the chief complaints examiner and Mr. Dribinsky. Dribinsky personally prepared two closure letters sent to the Plaintiffs informing them of the decision not to pursue investigation and summarizing the relevant facts and reasons for this decision. Although the Kidds dispute one account of witness contact, nothing in the statute indicates that witnesses must be contacted in order for the OSC to fulfill its ministerial functions.
 
 
 27
 The Kidds themselves have acknowledged that "technically, the process was followed." CR 35 at 8. The Kidds complain that there should have been more extensive investigation, that the closure letters should have been more detailed. The district court, however, concluded that the OSC made a reasonable investigation into the allegations. The district court also noted that the closure letters were only required to summarize relevant facts, and that the letters complied with the statutory requirements.
 
 
 28
 We agree. We see no reason to second guess the OSC's determinations where the undisputed facts indicate that it has met its ministerial statutory responsibilities. We therefore affirm the district court's grant of summary judgment to the United States on this issue.
 
 IX.
 
 29
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Alfredo C. Marquez, United States District Judge, District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 See, e.g. Stephens v. Dept. of Health and Human Serv., 901 F.2d 1571, 1576 (11th Cir. 1990); Lombardi v. Small Business Admin., 889 F.2d 959, 961 (10th Cir. 1989); Pinar v. Dole, 747 F.2d 899, 912 (4th Cir. 1984), cert. denied 471 U.S. 1016 (1985); Braun v. United States, 707 F.2d 922, 926-27 (6th Cir.), cert. denied sub nom., Hardich v. United States, 464 U.S. 991 (1983); Broadway v. Block, 694 F.2d 979, 986 (5th Cir. 1982)