Robert J. KAVANAGH, Plaintiff–
Appellant,

v.

CITY OF PHOENIX, Defendant–
Appellee.

No. 00–15737.

D.C. No. CV–98–00377–WGY.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Nov. 21, 2001.

Before SNEED, TROTT, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Robert Kavanagh, an attorney and retired Police Lieutenant/Law Specialist with the City of Phoenix ("City"), appeals pro se the district court's adverse judgment on stipulated facts in his action against the City for breach of contract and violations of 42 U.S.C. § 1983 and Arizona Revised Statute § 23–392. Kavanagh contends the district court erred by converting the parties' cross motions for summary judgment into a stipulated facts trial, by concluding that he was an at-will employee and was not deprived of a property interest in a salary increase without due process, and by finding that he was not entitled to overtime pay under state law. We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we affirm.

### A. Stipulated Facts Trial

When a case is submitted to the district court for decision on a stipulated record, the clearly erroneous standard of review applies on appeal. *Starsky v. Williams,* 512 F.2d 109, 111 (9th Cir.1975). When deciding cross-motions for summary judgment, a district court retains the responsibility to examine the record to ensure that no disputed issues of fact exist, despite the parties' assurances to that effect. *Fair Housing Council of Riverside County, Inc. v. Riverside Two,* 249 F.3d 1132, 1134 (9th Cir.2001). Even when the parties submit a Stipulation of Facts, if there is no clear indication that all of the relevant facts are included in the written record, then the district court may not resolve factual issues on summary judgment. *See Chevron USA, Inc. v. Cayetano,* 224 F.3d 1030, 1038 n. 6 (9th Cir.2000) (resolution of factual issues inappropriate when the parties' stipulation reserved their right to rely on documents outside the record).

In *Starsky* we applied the clearly erroneous standard because "under circumstances unique to [that] case, the parties had in effect submitted [the] case to the court for trial on an agreed statement of facts embodied in a limited written record." *Starsky,* 512 F.2d at 111. Circumstances present in *Starsky* include the fact that 1) both parties had submitted written statements of fact and neither party contradicted the other's rendition of the facts; 2) upon persistent inquiry by the district court, both parties made it clear that they relied only on the written record and that all relevant facts were contained in the record; and 3) the district court had conducted an "exhaustive review" of the evidence. *Id.* at 111–12.

The record in this case supports application of the clearly erroneous standard. As in *Starsky,* both Kavanagh and the City submitted documents titled "Statement of Facts with Exhibits" in support of their summary judgment motions, and each party later submitted a "Supplemental Statement of Facts." These documents contain uncontested statements of fact. Neither party filed a statement of genuine issues in opposition to the other's motion for summary judgment, nor did they identify any material factual disputes in their briefs or oral arguments before the district court. Kavanagh's claim that the record is devoid of stipulated facts is belied by these four uncontested documents.

Moreover, the district court notified the parties of its intent to employ the case stated procedure and obtained their consent. The parties first were notified at a pretrial conference held on October 18, 1999. At the start of the subsequent hearing on the cross-motions for summary judgment the district court judge 1) confirmed with the parties that he was in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

receipt of the entire record in the case; 2) explained in some detail what he meant by treating the motions as a "case stated;" and 3) obtained the consent of counsel for both parties on the record to proceed in that fashion.

Finally, the district court's twenty-four page memorandum and order ("Order") ruling against Kavanagh demonstrates a thorough knowledge of the record and assures the reader that "[c]ounsel here have embraced [the case stated] procedure after notice and have thoroughly, skillfully, and professionally exploited it." The district court's use of the "case stated" procedure was proper, and we apply the clearly erroneous standard of review.

### B. Loss of the Merit Pay Increase

Kavanagh argues that the City's unilateral freeze of his merit pay increase was a breach of an implied employment contract. "For an enforceable contract to exist, there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Rogus v. Lords,* 166 Ariz. 600, 804 P.2d 133, 135 (Ariz.Ct.App.1991). "While employment contracts without express terms are presumptively at will, an employee can overcome this presumption by establishing a contract term that is either expressed or inferred from the words or conduct of the parties." *Demasse v. ITT Corp.,* 194 Ariz. 500, 984 P.2d 1138, 1143 (Ariz.1999).

Kavanagh argues that the City impliedly promised that he would receive merit increases during the duration of his employment in light of the City's practice of granting increases to the vast majority of City employees and denying them only for substandard performance. Kavanagh also provided the testimony of a former Police Chief who opined that Kavanagh's pay should not have been frozen at step 7, and evidence that two former Law Specialists

had received substantial pay increases upon their promotions.

The district court did not err by concluding that even if an implied promise for regular salary increases once existed, the parties altered the agreement by their express conduct. When the City discovered the overpayment, Kavanagh was notified that his pay would be frozen until the funds were recouped. Kavanagh admits he did not appeal this decision and he continued to work for the City for approximately two more years before commencing this lawsuit. Thus, even if there had been an implied promise for a merit increase, the City expressly altered the agreement and Kavanagh accepted the alteration by remaining at his post.

Kavanagh argues also that he was deprived of a property interest in future merit increases without due process of law. We have held that federal employees do not have a constitutionally protected property interest in future merit pay increases. *Veit v. Heckler,* 746 F.2d 508, 511 (9th Cir.1984). The district court did not err in rejecting this claim.

### C. Overtime Pay

Although Kavanagh dropped his FLSA claim on appeal, he contends that he is eligible for compensation under an Arizona statute which awards overtime to "any person engaged in law enforcement activities" and who works in excess of 40 hours per week. A.R.S. § 23–392A (2001). This provision specifically exempts persons "employed in a bona fide executive or administrative capacity *as defined by the employer.*" A.R.S. § 23–392B (2001) (emphasis added).

Kavanagh argues that this statute differs from the FLSA in two important respects: 1) it omits the "professional" exemption found in the FLSA (an exemption which he admits applies to him); and 2) it

provides that the employer's definition of the job controls. Because the City does not have a written description of the Lieutenant/Law Specialist position, Kavanagh asserts, it cannot carry its burden of proving that he fits plainly and unmistakably within the exemption's terms.

The district court did not err in rejecting this claim. The City presented the testimony of its Deputy Personnel Director, who had worked for the City for over twenty years, and who testified that the City defines "bona fide executive capacity" and "bona fide administrative capacity" in the same manner as those terms are defined by the FLSA. Under applicable FLSA regulations and case law, Kavanagh qualifies easily for both the executive and administrative exemptions.

When interpreting A.R.S. § 23–392, Arizona courts apply FLSA standards and case law. *Prendergast v. City of Tempe*, 143 Ariz. 14, 691 P.2d 726, 730 (Ariz.Ct. App.1984). Because no Arizona case or statute indicates that a written job description is required, the City was free to employ the FLSA's definitions, and the district court did not err in rejecting Kavanagh's state law overtime claim.

AFFIRMED.