**Ronald L. PORTER, Plaintiff–Appellant,**

v.

**Gordon R. ENGLAND,\* Secretary of the Navy, Defendant–Appellee.**

No. 01–15564.

D.C. No. CV–00–05906–REC.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 \*\*.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM

Ronald L. Porter appeals pro se the district court's judgment dismissing, for lack of subject matter jurisdiction, his action under the Administrative Procedures Act alleging that he was wrongfully terminated in a reduction in force. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's determination that it lacked subject matter jurisdiction, *Skagit County Pub. Hosp. No. 2 v. Shalala,* 80 F.3d 379, 384 (9th Cir. 1996), and we affirm.

The district court properly dismissed Porter's action because Porter's complaint did not allege that the Secretary of the Navy subjected him to an "adverse action" or "prohibited personnel action." *See Veit v. Heckler,* 746 F.2d 508, 511 (9th Cir. 1984) (holding that the Administrative Procedures Act does not confer jurisdiction over personnel actions covered by the Civil Service Reform Act); *see also Vinieratos v. United States,* 939 F.2d 762, 774 (9th Cir.1991) (holding that the general jurisdictional provisions of 28 U.S.C. § 1331 provide no independent ground for jurisdiction where a more specific statute explicitly denies jurisdiction).

The district court did not abuse its discretion by denying Porter's Fed.R.Civ.P. 60(b) motion. *See Sch. Dist. No. IJ, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

We have considered Porter's contentions regarding due process, equal protection and the lawfulness of the China Lake demonstration project, and we conclude that they are unpersuasive.

AFFIRMED.

---

\* Gordon R. England is substituted in place of his predecessor, Richard Danzig, as Secretary of the Navy. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Porter's request for oral argument.