**Harry L. WEATHERFORD,
Plaintiff-Appellant,**

v.

**Elizabeth DOLE, Secretary of Transportation, Defendant-Appellee.**

**No. 84-1252.**

United States Court of Appeals,
Tenth Circuit.

June 6, 1985.

Billy J. Hendrix, Oklahoma City, for plaintiff-appellant.

Peter R. Maier, Appellate Staff, Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen.; Anthony J. Steinmeyer, Appellate Staff, Dept. of Justice, Washington, D.C., and William S. Price, U.S. Atty., Oklahoma City, with him on the brief) for defendant-appellee.

Before HOLLOWAY, Chief Judge, and McWILLIAMS and SEYMOUR, Circuit Judges.

McWILLIAMS, Circuit Judge.

Harry L. Weatherford was employed in a GS–14 position as a Deputy Chief of the Oklahoma City, Oklahoma Radar Approach Control/Air Traffic Control Tower. The Federal Aviation Administration (FAA) conducted a special evaluation of the Oklahoma City Tower. After a week-long evaluation, the FAA found safety problems throughout the operations of the Oklahoma City Tower, and, as a result thereof, various personnel in the Tower were reassigned, including Weatherford. Specifically, the FAA advised Weatherford that it proposed to reassign him to its Dallas-Fort Worth Control Tower in another GS–14 position, to the end that his reassignment would be without reduction in grade or pay.

Weatherford first objected to the proposed transfer in an FAA administrative grievance proceeding in which the examiner found that the reassignment was not arbitrary or capricious. During the course of this administrative proceeding, Weatherford separately requested to be transferred to a GS–13 position in Tulsa for "personal reasons and not at the request of the Agency." Such request was granted in April, 1980, and the proposed reassignment to Dallas-Fort Worth never occurred.

In October, 1981, Weatherford filed the instant proceeding in the United States District Court for the Western District of Oklahoma against the Secretary of the Department of Transportation, seeking reinstatement to the position of Deputy Chief at the Oklahoma City Tower and damages in the sum of $12,000. Jurisdiction was based on 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 5 U.S.C. § 702 *. Weatherford asserted claims that he had been deprived of both liberty and property interests in violation of the due process clause of the Fifth Amendment and that he was denied certain appeal rights under FAA regulations. The district court granted the Secretary's motion to dismiss, holding that the complaint failed to state a cause of action over which the district court had jurisdiction. Weatherford now appeals the judgment dismissing the action.

In dismissing Weatherford's action, the district court relied on the recent case of *Broadway v. Block*, 694 F.2d 979 (5th Cir. 1982). Although the *Broadway* case involved an employee of the Farmer's Home Administration, the district judge believed the issues in *Broadway* to be the same as those in the instant case and he was impressed with the result reached in *Broadway*, as well as the reasoning behind the result. We are too, and on the basis of *Broadway*, we affirm.

The central issue in *Broadway*, as in the instant case, is whether a district court has jurisdiction over a cause of action based on the *reassignment* of a federal employee to another position where there is no change in grade or pay. In *Broadway*, an employee of the Farmer's Home Administration was reassigned from the position as County Office Assistant to the position of County Office Clerk. The reassignment did not involve any change in grade or pay, the employee at all times retaining her classification as a GS–4 clerk typist. Without attempting to exhaust any administrative remedies, she brought suit in federal dis-

trict court requesting reinstatement to her former position and damages in the sum of $15,000. The reassigned employee alleged that her new position had fewer supervisory functions and benefits than her old job, and that the reassignment cast a stigma of incompetency upon her and caused embarrassment and mental anguish. She further alleged in her complaint that she was not informed of any rights to a grievance procedure or appeal, and that she was not given a hearing before the reassignment. Her claims for relief were grounded on 42 U.S.C. § 1983, the due process and equal protection clauses of the Constitution, and on the provisions of the Administrative Procedure Act and the Civil Service Reform Act.

In *Broadway*, the district court dismissed the plaintiff's cause of action on summary judgment. On appeal, the dismissal was affirmed. In affirming, the Fifth Circuit "examined each possible basis for judicial relief … and [found] that under no set of facts has the plaintiff asserted claims cognizable in federal district court." 694 F.2d at 981. The Circuit Court in *Broadway* rejected summarily the § 1983 claim with the comment that the defendants in the suit were federal officials acting under federal law, not state law, and accordingly were not subject to suit under § 1983. *Id.* The Fifth Circuit then went on to consider the Civil Service Reform Act and found that the plaintiff in *Broadway* had not pled a claim under that Act. *Id.* at 984. The Fifth Circuit further held that there was no cause of action under *Bivens v. Six Unknown Named Narcotics Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), noting, *inter alia*, that in order for the plaintiff to succeed under the Fifth Amendment due process clause, she had to show a cognizable property or liberty interest in not being reassigned, and that she had not shown either. *Id.* at 985. *See also Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). In connection with the

---

* In this Court, counsel, in his brief, appears to rely principally upon 28 U.S.C. § 1331 for con-

ferring jurisdiction on the district court.

liberty interest requirement, the alleged stigmatization as being incompetent, according to the Fifth Circuit, is not enough, there being no claim that the government made any charges of dishonesty or immorality which conceivably could seriously damage her standing in the community. Finally, the Fifth Circuit held that the plaintiff in *Broadway* asserted no claim under the Administrative Procedure Act. *Id.* at 986.

In short, like the district court, we believe the present case to be almost a carbon copy of the *Broadway* case. We see no reason to repeat here that which, in our opinion, is well said in *Broadway*. It is sufficient to simply state that we approve of both the reasoning and result of *Broadway*, as have several other circuits which have considered similar claims based on minor personnel decisions. *See, e.g., Pinar v. Dole,* 747 F.2d 899 (4th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2019, 85 L.Ed.2d 301 (1985); *Veit v. Heckler,* 746 F.2d 508 (9th Cir.1984). Certain agency personnel decisions are simply not subject to judicial review. Federal agencies must have a certain latitude to make personnel decisions in order to enhance efficiency and discipline in the workplace. *Arnett v. Kennedy,* 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1974) (Powell, J., concurring). Moreover, if such discretion is to be limited, such limitation is better suited for Congress than the courts, for it is Congress which is better able to evaluate the relevant concerns. The comprehensive scope of the CSRA indicates that Congress has made such an evaluation. As stated by the United States Court of Appeals for the District of Columbia, "failure to include some types of nonmajor personnel action within the remedial scheme of so comprehensive a piece of legislation [CSRA] reflects a congressional intent that no judicial relief be available—that the matter be deemed 'committed to agency discretion by law.'" *Carducci v. Regan,* 714 F.2d 171, 174 (D.C.Cir.1983).

Some fifty-six days after the district court entered its judgment of dismissal, plaintiff in the instant case filed a motion to reconsider, which the district court denied. We find no error in this regard. Appellee argues that this was a motion under Fed.R.Civ.P. 59; and hence, had to be filed within ten days after judgment, which it was not. Appellant argues that this was a motion under Fed.R.Civ.P. 60, and therefore timely filed. It would appear to us that in reality this is not a motion based on newly discovered evidence and therefore within the purview of Rule 60(b). Regardless, we see no merit in the motion. In this regard, there is apparently some dispute as to just what administrative rules and regulations were in effect when Weatherford's reassignment was proposed to the end that his reassignment might be considered "adverse action" and therefore subject to administrative review through the Merit System Protection Board. We fail to see how such would confer jurisdiction in the district court to Weatherford's cause of action as set out in his complaint.

Judgment affirmed.