889 F.2d 959
 Curtis LOMBARDI, Plaintiff-Appellant,
v.
SMALL BUSINESS ADMINISTRATION, (SBA); James Sanders,
individually and in his official capacity as Administrator
of the SBA; Michael Cardenas, individually and in his
official capacity as Administrator of the SBA; Robert
Turnbull, individually and in his official capacity as
Acting Administrator of the SBA; Joe Mass, individually and
in his official capacity as Director of Personnel for the
Central Office of SBA; Richard Osborne, individually and in
his official capacity as Director of Personnel of SBA
Central Office; Barbara Spirydon, individually and in her
official capacity as head of the Presidential Management
Internship Program, SBA Central Office; James Reed,
individually and in his official capacity as Acting Regional
Administrator for SBA; Donald Beaver, individually and in
his official capacity as SBA Assistant Regional
Administrator for Procurement; E. Maine Shafer,
individually and in his official capacity as District
Director of the Albuquerque SBA Office; Gregory D. Devejan,
individually and in his official capacity as Assistant
Director for Management Assistance and Assistant Director of
the Albuquerque Minority Small Business Program; and Jack
Dalton, individually and as District Counsel for the SBA
Albuquerque District Office, Defendants-Appellees.
 No. 88-1718.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 20, 1989.
 
 1
 E. Justin Pennington, Albuquerque, N.M., for plaintiff-appellant.
 
 
 2
 Joan E. Hartman, Appellate Staff Civ. Div., U.S. Dept. of Justice, Washington, D.C. (John R. Bolton, Asst. Atty. Gen., William L. Lutz, U.S. Atty., John F. Cordes, Atty., Appellate Staff Civ. Div., U.S. Dept. of Justice, Washington, D.C., with her, on the brief), for defendants-appellanees.
 
 
 3
 Before MOORE, BALDOCK, Circuit Judges, and DAUGHERTY, District Judge.*
 
 
 4
 DAUGHERTY, District Judge.
 
 
 5
 Plaintiff-Appellant Curtis Lombardi appeals from a District Court order dismissing his Bivens action for lack of subject matter jurisdiction. We agree with the dismissal and affirm.
 
 
 6
 Plaintiff Lombardi was hired by the Small Business Administration (SBA) in August, 1980, as a Presidential Management Intern. Presidential Management Intern positions are short-term positions and participation in the intern program confers no expectation of continued Federal employment upon the participants. The Office of Personnel Management has listed interns in the program as "excepted service" employees, who are by definition not within the competitive service. As a result, the Civil Service Rules and Regulations do not apply to the Intern's removal from the position.
 
 
 7
 The Plaintiff-Appellant's employment was terminated on February 26, 1982, in order to "promote the efficiency of the service". Plaintiff appealed his termination to the Acting Administrator of the SBA, stating that his discharge was in retaliation for his party affiliation and for certain activities such as discussing racism in the SBA District Office with Equal Opportunity investigators and calling attention to improper Department of Housing and Urban Development contract oversight activities. In May, 1984, Plaintiff Lombardi filed two requests under the Freedom of Information Act with the SBA seeking all documents relating to his dismissal. The request was denied and Lombardi subsequently filed a complaint in the District Court for the District of New Mexico under the Privacy Act seeking disclosure of the withheld documents. This litigation was settled by the parties on May 5, 1986.
 
 
 8
 Thereafter, on February 20, 1987, Lombardi filed a "Complaint for Violation of Constitutional Rights" in the District Court for the District of New Mexico based upon his termination. The allegations contained in the 1987 Complaint are nearly identical to the factual allegations set forth in Lombardi's 1982 administrative appeals. Defendants moved to dismiss the case against the SBA and the individual Defendants in their official capacity on the ground of sovereign immunity and also moved to dismiss the remaining claims for damages against the Defendants in their individual capacity based upon the Supreme Court's decisions in Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) and United States v. Fausto, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). The Defendants also moved to dismiss the Complaint in its entirety based upon the expiration of the statute of limitations.
 
 
 9
 On January 22, 1988, the District Court granted the Motion to Dismiss based upon sovereign immunity, dismissing the action against the SBA and the individual Defendants in their official capacity. On March 29, 1988, the District Court dismissed the remaining claims against the individual Defendants, finding that there was no subject matter jurisdiction over the Plaintiff's claims under Bush and Fausto because the Plaintiff was a Federal employee whose claims were governed by the Civil Service Reform Act of 1978 (CSRA).
 
 
 10
 The District Court declined to dismiss based upon the expiration of the statute of limitations. The SBA requested that the District Court reconsider this decision but the Court declined to do so.
 
 
 11
 The District Court determined that Plaintiff's Bivens claim was precluded by the Supreme Court's holdings in Bush and Fausto. We agree that the District Court correctly interpreted those cases to preclude the Plaintiff from judicial review of his termination, especially in light of the recent Supreme Court case of Schweiker v. Chilicky, --- U.S. ----, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).
 
 
 12
 The Supreme Court in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), held that there should be a cause of action for damages against a Federal official who engages in unconstitutional conduct. The Court, however, cautioned that if there are any "special factors counseling hesitation in the absence of affirmative action by Congress", id., at 396, 91 S.Ct. at 2004, Courts should decline to create an additional remedy.
 
 
 13
 The existence of a comprehensive statutory scheme such as the CSRA was found to be such a special factor in the Bush case. In Bush, the Supreme Court held that because a Federal employee's claim that his First Amendment rights were violated by his superiors arose "out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we conclude that it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy". Bush, 462 U.S. at 368, 103 S.Ct. at 2406.
 
 
 14
 The recent Supreme Court cases of Fausto, relied upon by the District Court in the case at bar, and in particular the most recent Chilicky case, indicate that the Court will not create a Bivens remedy in a Federal employment action even if no remedy at all has been provided by the CSRA. The Court stated in Chilicky that "[o]ur most recent decisions have responded cautiously to suggestions that Bivens remedies be extended into new context. The absence of statutory relief for a constitutional violation, for example, does not by any means necessarily imply that the Court should award money damages against the officers responsible for the violation." Id., 108 S.Ct. at 2467. The Court continued by asserting that "the concept of 'special factors counseling hesitation in the absence of affirmative action by Congress' has proved to include an appropriate judicial deference to indications that Congressional inaction has not been inadvertent. When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Id., 108 S.Ct. at 2468.
 
 
 15
 The rationale of the Bush, Fausto and Chilicky cases has been applied by this Court in a situation similar to that in the case at bar in Hill v. Dept. of Air Force, 884 F.2d 1318 (10th Cir.1989) (per curiam), and Brothers v. Custis, 886 F.2d 1282 (10th Cir.1989) (per curiam), in both of which this Court declined to create a Bivens remedy. This was also the decision of the 8th Circuit in McIntosh v. Turner, 861 F.2d 524 (8th Cir.1988), the D.C. Circuit in Spagnola v. Mathis, 859 F.2d 223 (D.C.Cir.1988) and the 7th Circuit in Feit v. Ward, 886 F.2d 848 (7th Cir.1989). The 9th Circuit case of Kotarski v. Cooper, 799 F.2d 1342 (9th Cir.1986), cited by the Appellant here in support of his position, was remanded by the Supreme Court in light of Chilicky, and upon reconsideration the 9th Circuit held that no Bivens action could be implied.
 
 
 16
 Plaintiff-Appellant acknowledged in his reply brief and in oral argument that, with Chilicky, the Supreme Court has virtually closed the door to any Bivens actions for damages in a federal employment context. Appellant maintains, however, that his case is distinguishable due to both the nature of the violation involved, and the fact that he is requesting injunctive relief.
 
 
 17
 Appellant asserts that he is seeking damages for actions "aside from and outside the normal employer-employee relationship". Appellant's Reply Brief at 5. Appellant claims that many of the violations complained of occurred after the employment relationship was terminated and urges that such actions are thus still permissible even after Chilicky.
 
 
 18
 We find, however, that the violations complained of by the Appellant occurred only as a result of the employment relationship with the Small Business Administration. His position as a federal employee is central to his complaints, and it is this employment relationship that the Supreme Court emphasized in Bush and its progeny, rather than the nature of the specific violation involved. This Court can find no facts in the case at bar that sufficiently distinguish it from the numerous other cases finding no Bivens remedy in similar situations, especially in light of the Supreme Court's clear directive in Chilicky.
 
 
 19
 As to Appellant's assertion that injunctive relief is still available even after Chilicky, we are of the opinion that the clear purpose of Chilicky and the related cases is to virtually prohibit intrusion by the Courts into the statutory scheme established by Congress. This judicial intervention is disfavored whether it is accomplished by the creation of a damages remedy or injunctive relief. Reinstatement of a federal employee was denied by the courts in both Weatherford v. Dole, 763 F.2d 392 (10th Cir.1985) and Kotarski using the Bush rationale. This Court stated in Weatherford that "[c]ertain agency personnel decisions are simply not subject to judicial review." Id., at 394. We find that Lombardi has failed to distinguish his case from the preceding authority and refuse to imply a Bivens action.
 
 
 20
 The Appellees in this case assert in their Reply Brief that the case should also be dismissed because it is barred by the aplicable statute of limitations. The Appellees did not raise this issue on cross-appeal and thus we find the statute of limitations question not to be properly before us. In any event, our substantive disposition of the cause renders such consideration unnecessary.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable Fred Daugherty, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation