Ileana **BOLIVAR,** et al., Plaintiffs,

v.

**DIRECTOR OF THE FBI,**
et al., Defendants.

Civil Nos. 93–2084(PG) & 93–2339(PG).

United States District Court,
D. Puerto Rico.

Feb. 14, 1994.

Luis Plaza, Raúl Santiago Meléndez, Hato Rey, PR, for plaintiffs.

María Hortensia Ríos, Asst. U.S. Atty., Hato Rey, PR, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This is an action for injunctive relief and damages filed on August 3, 1993, by plaintiffs Ileana Bolívar[1] and Leonardo Candelario. Plaintiffs are Federal Bureau of Investigation ("FBI") employees. *See* amended petition at ¶¶ 4, 5. In the original petition, plaintiffs invoked jurisdiction pursuant to 42 U.S.C. § 1983. An amended petition was filed on October 5, 1993, invoking 28 U.S.C. § 1331(a), the First Amendment to the Unit-

ed States Constitution, and *Bivens v. Six Unknown Named Agents in the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), as a jurisdictional bases. *Id.* at ¶ 1. Plaintiffs' request for a temporary restraining order was denied by this Court on August 5, 1993.

■ Since claims under 42 U.S.C. § 1983 can only be asserted for constitutional violations committed by state officials under color of state law, the jurisdictional basis alleged in the original petition was fatally flawed. *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). Upon careful consideration of defendants' motion to dismiss and plaintiffs' opposition to the same, this Court finds that this action should be dismissed for lack of subject matter jurisdiction, lack of jurisdiction over defendants, insufficiency of service of process, and failure to state a claim upon which relief can be granted. Rule 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure. Civil case number 93–2399, which was recently consolidated with the instant action, should be dismissed as well.

## I. FACTUAL BACKGROUND

■ For purposes of Rule 12(b) of the Fed.R.Civ.P., plaintiffs' factual allegations must be deemed as a true and accurate account of the facts in this case. *Cardona del Toro v. United States*, 791 F.Supp. 43, 45 (D.P.R.1992), *aff'd.*, 983 F.2d 1046 (1st Cir. 1993) (citing *Berkovitz v. United States*, 486 U.S. 531, 540, 108 S.Ct. 1954, 1960, 100 L.Ed.2d 531 (1988)). According to the complaint, in February 1993, plaintiff Candelario wrote an anonymous letter expressing his concern about the low morale at the FBI San Juan Office since defendants Robert J. Opfer and Héctor M. Pesquera assumed the management of said Office. *See* amended petition at ¶ 10. Opfer is the Special Agent in Charge at the FBI San Juan Office; Pesquera is the Assistant Special Agent in Charge. *Id.*

Candelario placed the anonymous letter in the Office's suggestion box. *Id.* On February 19, 1993, defendants Opfer and Pesquera

---

1. Ms. Bolívar's husband, Pedro J. Bolívar is also a plaintiff.

questioned Candelario about the letter. *Id.* at ¶ 11. The purpose of the questioning was "to obtain from Candelario a written admission declaring that the person responsible for writing the letter was ... Bolívar." *Id.* During the questioning, Candelario prepared a sworn statement to the effect that he was the sole person responsible for the anonymous letter, but that he had notified plaintiff Bolívar of his intention to write said letter. *Id.* at ¶ 12.

Plaintiffs Bolívar and Candelario allege that defendants took adverse personnel actions against them in retaliation for Candelario's letter. *Id.* at ¶¶ 13–22. Bolívar claims that: 1) she received a performance rating of "unacceptable" on a Performance Appraisal Report; 2) she was demoted; 3) a grievance against her was filed with FBI Headquarters; and 4) she has been slandered and her dignity has been substantially damaged. *Id.* at ¶¶ 13, 21(a), 18, 22(b), 16, 17, 21(c).

Candelario, in turn, claims that he was not promoted when due, and that he suffered a heart attack as a result of the February 19, 1993, questioning. *Id.* at ¶¶ 15, 21(b), 12, 22(a).

## II. FAILURE TO PROPERLY SERVE SUMMONS

On October 8, 1993, plaintiffs filed an urgent motion regarding their request for preliminary and permanent injunctive relief. In said motion, plaintiffs allege that defendants Opfer and Pesquera had not replied to the original petition and complaint within the sixty-day term provided by Rule 12(a) of the Fed.R.Civ.P. Although the motion did not specify what sort of relief plaintiffs were seeking—as required by Local Rule 311.2—, plaintiffs apparently intended for their motion to be construed as one for entry of default pursuant to Rule 55 of the Fed. R.Civ.P.

Defendants filed an opposition to plaintiffs' urgent motion bringing to the attention of this Court that Opfer and Pesquera had not been served with summons. These defendants, however, received copy of plaintiffs' complaint on or about August 5, 1993. *See* defendants' motion at p. 3. The U.S. Attor-

ney's Office was not served with summons and copy of the complaint until October 5, 1993; there was no proof to the effect that the Attorney General has been served by certified or registered mail, as required by Rule 4(d)(4) of the Fed.R.Civ.P. *Id.*

Rule 4(d)(5) of the Fed.R.Civ.P. provides that service of summons and complaint upon an officer of the United States shall be accomplished by: (1) serving the United States pursuant to Rule 4(d)(4), and (2) sending a copy of the summons and complaint by registered or certified mail to such officer. Rule 4(d) also requires that "the summons and complaint shall be served together."

■ Also relevant to this case is Rule 12(a), which establishes that a federal officer shall answer or otherwise plead within sixty (60) days after service upon the United States Attorney. Since the U.S. Attorney's Office was served with summons and complaint on October 5, 1993, defendants Opfer and Pesquera had until December 6, 1993 to file their answer or otherwise plead. Therefore, plaintiffs' urgent motion filed on October 8, 1993, was premature.

■ Moreover, summons were issued by the Clerk's Office on August 3, 1993—more than six (6) months ago. Plaintiffs have never challenged defendants' argument that Opfer and Pesquera were not properly served on August 5, 1993, nor have plaintiffs perfected service. Plaintiffs have the burden of establishing that proper service has been effected. *Sáez Rivera v. Nissan Manufacturing Co.*, 788 F.2d 819, 821 n. 2 (1st Cir. 1986). Since plaintiffs have not shown that they have served defendants Opfer and Pesquera with both copy of the complaint *and* summons, there is insufficiency of service of process. Consequently, this Court lacks personal jurisdiction over these defendants. The claims against them should be dismissed. *See Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 246, 90 L.Ed. 185 (1946); Rule 12(b)(2), (5) of the Fed.R.Civ.P.

## III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BY THIS COURT

Not only have plaintiffs failed to properly serve defendants Opfer and Pesquera, but

also they have not brought to the attention of this court a claim upon which relief can be granted. Rule 12(b)(1), (6) of the Fed. R.Civ.P.

█ A suit may be brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971), for certain constitutional violations by federal employees. Plaintiffs Bolívar and Candelario claim that defendants infringed upon their First Amendment rights. *See* amended petition at ¶¶ 1, 20, 21, 22. Notwithstanding an allegation for violation of constitutional rights, Congress may withhold a remedy "when defendants show that Congress had provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980) (citing *Bivens v. Six Unknown Named Agents*, 403 U.S. at 397, 91 S.Ct. at 2005). Given that plaintiffs allege that defendants took adverse personnel actions against them, a review of relevant federal civil service statutes is warranted.

█ The Civil Service Reform Act of 1978, Pub.L. No. 95–454, as amended ("CSRA"), 5 U.S.C. § 7101 *et seq.*, establishes a comprehensive remedial scheme for administrative and judicial review of federal personnel matters. *See Berrios v. Department of Army*, 884 F.2d 28, 30–31 (1st Cir.1989). The CSRA's scheme for review of adverse personnel actions is the type of "narrowly tailored employee compensation scheme" that "preempts the more generous tort recovery statutes." *Brown v. General Services Administration*, 425 U.S. 820, 834–35, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *see also Berrios v. Department of Army*, 884 F.2d at 30 ("[t]here is no longer any serious dispute that the CSRA preempts challenges to personnel actions brought under federal law.") The "CSRA contains within its four corners 'an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations.'" *Montplaisir v. Leighton*, 875 F.2d 1, 2 (1st Cir.1989).

The Supreme Court held in *Bush v. Lucas*, 462 U.S. 367, 368, 103 S.Ct. 2404, 2406, 76 L.Ed.2d 648 (1983), that federal personnel actions and practices may only be challenged through the mechanism provided by Congress in the CSRA; "it would be inappropriate for us to supplement that regulatory scheme with a new judicial remedy." *Id.* In *Bush*, the Supreme Court refused to create a *Bivens*-type remedy for a First Amendment violation "arising out of an employment relationship that is governed by [the CSRA's] comprehensive procedural and substantive provisions giving meaningful remedies against the United States." *Schweiker v. Chilicky*, 487 U.S. 412, 422, 108 S.Ct. 2460, 2467, 101 L.Ed.2d 370 (1988).

█ The First Circuit has likewise held that the CSRA "prohibits a federal employee from bringing a damages action against his superior premised on alleged abridgment of First Amendment rights in the workplace." *Montplaisir v. Leighton*, 875 F.2d at 3 (quoting *Bush v. Lucas*, 462 U.S. at 385–90, 103 S.Ct. at 2417). This is particularly relevant, given that plaintiffs are alleging First Amendment violations and are seeking judicial relief. The Supreme Court "has jealously guarded CSRA against inconcinnous judicial incursions." *Id.* Even when the "existing remedies do not provide complete relief for the plaintiff," no *Bivens*-type remedy can be requested. *Schweiker v. Chilicky*, 487 U.S. at 423, 108 S.Ct. at 2467.

█ Regarding plaintiffs' request for injunctive relief, "judicial intervention is disfavored whether it is accomplished by the creation of a damages remedy or injunctive relief." *Lombardi v. Small Business Administration*, 889 F.2d 959, 962 (10th Cir. 1989). Even if this Court were to disregard the CSRA's preclusive effect, plaintiffs have failed to plead the elements required for the issuance of preliminary and/or permanent injunction.

█ Plaintiffs request "that defendants cease and desist of all and every illegal act directed against plaintiffs." *See* amended petition, prayer at (b). As defendants point out, plaintiffs' vague prayer for injunctive relief fails to describe in reasonable detail the act or acts sought to be restrained, as re-

quired by Rule 65(d) of the Fed.R.Civ.P. Also, plaintiffs do not plead irreparable injury and the unavailability of alternative legal remedies. *Weinberger v. Romero–Barceló*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982). No exhaustion of administrative remedies is alleged. A loss of earnings that can later be rectified is not irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 89, 94 S.Ct. 937, 952, 39 L.Ed.2d 166 (1974). Therefore, plaintiffs have not met the requirements for the issuance of injunctive relief.

Plaintiff Bolívar alleges that she received a performance rating of "unacceptable", was demoted, and a grievance against her was filed with FBI Headquarters. *See* amended petition at ¶¶ 13, 21(a), 18, 22(b), 16, 17, 21(c). Plaintiff Candelario claims that he was not promoted when due, and that he suffered a heart attack as a result of the February 19, 1993, questioning. *Id.* at ¶¶ 15, 21(b), 12, 22(a).

■■■■ Under the CSRA, the definition of "personnel actions", includes: promotions, a performance evaluations, disciplinary or corrective actions, or decisions concerning pay, benefits, or awards. 5 U.S.C. § 2302(a)(2)(A). Allegations related to the demotion of an employee—Bolívar—or not promoting an employee when due—Candelario—fall within the definition of personnel actions under the CSRA. The allegations of receiving a unacceptable rating in a performance evaluation—Bolívar—and the filing a grievance against an employee—Bolívar—also constitute personnel actions.

The CSRA prohibits personnel actions which "violate the merit system principles contained in 5 U.S.C. § 2301." 5 U.S.C. § 2302(b)(11). The merit system principles provide that federal employees "should receive fair and equitable treatment ... with proper regard for their privacy and constitutional rights." 5 U.S.C. § 2301(b)(2) (1992). Included in its definitions of definitions of "prohibited personnel practices," the CSRA prohibits taking or failing to take any personnel action against an employee for voicing a "complaint or grievance." 5 U.S.C. § 2302(b)(9).

■■■ In plaintiffs' opposition to defendants' motion to dismiss, plaintiffs try to refocus their allegations to circumvent the CSRA's preclusive effect. Plaintiffs argue that "the occurrence afterward of adverse personnel action[s] is not the issue in this case," but that the claim "arises from ... the incident regarding the anonymous letter," which "constituted a clear violation of Plaintiff Candelario's right to ... freedom of speech." *See* plaintiffs' opposition at p. 3.

■■■ However, since Bolívar cannot assert a claim based on Candelario's constitutional right of free speech, this argument would only benefit Candelario. *See* amended petition at ¶¶ 18, 22. The allegations in the amended petition pertaining to Bolívar, *id.* at ¶¶ 13, 21(a), 18, 22(b), 16, 17, 21(c), fall squarely within the definitions of personnel actions under the CSRA, and would thus, be precluded. *Roth v. United States*, 952 F.2d 611, 614 (1st Cir.1991).

Candelario's claims are likewise precluded by the CSRA. Plaintiffs argue that the interrogation does not constitute a personnel action under the CSRA. However, the CSRA's definition of personnel action is very broad, as provided by the First Circuit held in *Roth v. United States, supra:*

> Under the CSRA, personnel actions include "corrective action[s]." 5 U.S.C. 2302(a)(2)(A)(iii). The corrective action category is a capricious one, encompassing a wide variety of conduct affecting federal employees ... an objective assessment of the complaint leaves no doubt that Roth was attempting to sue over utterances and associated acts which reflected dissatisfaction with her work within the FAA and which focused upon substantial conflicts anent agency policy and procedures. For CSRA purposes, then, Roth's complaint, no matter how generously it might be read, alleged a prohibited personnel practice, that is, a personnel action violative of the merit principles.

*Id.* at 614.

The interrogation of Candelario constitutes a corrective personnel action under the wide variety of conduct encompassed by the CSRA. *Id.* Candelario was interrogated

about the letter in which he voiced his concern about the low morale at the San Juan FBI Office, his place of work. *See* amended petition at ¶ 10. The interrogation, in turn, lead to an alleged prohibited personnel practice: not taking personnel action—granting a promotion—for voicing a "complaint or grievance." 5 U.S.C. § 2302(b)(9).

Plaintiffs have not succeeded in giving the allegations enough constitutional flavor for this Court to disregard that this case pertains to federal employment practices, which are preempted by the CSRA. *Roth v. United States*, 952 F.2d at 614–15. The constitutional violations alleged by plaintiffs occurred only as a result of their employment with the FBI. *Lombardi v. Small Business Administration*, 889 F.2d at 961. To paraphrase *Lombardi*, their position as federal employees is central to their complaints, and it is this employment relationship that the Supreme Court emphasized in *Bush* and its progeny, rather than the nature of the specific violation involved. *Id.*

### III. STATE LAW CLAIMS

On August 20, 1993, plaintiffs filed a virtually identical suit before the Superior Court of Puerto Rico, San Juan Part. *Bolívar, et al., v. Director FBI, et al.*, ICDP Civil 93–0825. Defendants moved for removal on September 28, 1993. *Bolívar, et al., v. Director of the FBI, et al.*, Civ. No. 93–2399(CC). The Court denied plaintiffs' request that the case be remanded on February 4, 1993. Defendants' motion to consolidate this case with Civ. No. 93–2084(PG) was recently granted.

Besides the *Bivens*-type claims, plaintiffs are seeking damages under the local tort statute, 31 P.R.Laws Ann. §§ 5141, 5142, and Article II § 4 of the Constitution of the Commonwealth of Puerto Rico. *See* complaint at ¶ 1.

 The CSRA precludes not only federal law claims, but also those under state law in which a plaintiff challenges federal personnel actions. *Roth v. United States*, 952 F.2d at 614. Since the allegations in the case originally filed before local court are, in essence, the same as those in the original federal court case, the adverse personnel actions allegedly taken by defendants fall under the CSRA, as discussed above.

The First Circuit has provided that "we cannot ignore the panoramic federal scheme for regulating federal employee relations." *Montplaisir v. Leighton*, 875 F.2d at 2. "Considering the CSRA's breadth and the comprehensive integrated nature of its remedial scheme, we believe the field is rather fully occupied, leaving little, if any, room for state-law tort anodynes." *Roth v. United States*, 952 F.2d 611, 615 (1st Cir.1991). There is no longer any serious dispute that the CSRA precludes both federal and state law claims challenging personnel actions in the federal workplace. *Id.* at 614.

 Moreover, as defendants point out in their opposition in Civ. No. 93–2399 at p. 10–11, under the Westfall Act, 28 U.S.C. § 2679, defendants requested that the United States be substituted for the individual defendants as to the local law claims. Plaintiffs cannot assert a claim under the local tort statute against the United States due to sovereign immunity. They would have to comply with the specific requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, one of which is the presentation of an administrative claim. However, since plaintiffs are federal employees, the Federal Employees Compensation Act, 5 U.S.C. § 8101 *et seq.*, is their exclusive avenue for relief against the United States for job-related injury or death. 5 U.S.C. § 8116.

Consequently, plaintiffs' claims in the suit originally filed before the local court should, likewise, be dismissed.

Based on the above, defendants' motion to dismiss is hereby **GRANTED**. Plaintiffs's opposition to defendants' motion to dismiss is **DENIED**. The consolidated actions, Civil No. 93–2084 and Civil No. 93–2399 are hereby **DISMISSED**.

**IT IS SO ORDERED.**