**Lilliam E. MENDOZA TORO, Plaintiff,**

v.

**Guillermo GIL, Defendant.**

**No. Civ. 00–1846 HL.**

United States District Court,
D. Puerto Rico.

July 11, 2000.

Francisco Rebollo–Casalduc, San Juan, PR, Bamily Lopez–Ortiz, Lopez Toro, Law and Notary Offices, Hato Rey, PR, for Lilliam E. Mendoza–Toro, plaintiff.

## ORDER

LAFFITTE, Chief Judge.

Before the Court is Plaintiff's petition for injunctive relief. Plaintiff Lilliam Mendoza Toro, an Assistant United States Attorney, seeks to enjoin Guillermo Gil, the United States Attorney, from assigning her to prosecute persons charged with trespassing on the United States Navy base in Vieques. She claims that such an assignment would violated her First Amendment rights. She asserts jurisdiction pursuant to 28 U.S.C. § 1331.

■ The Court begins with bedrock. Federal courts are courts of limited jurisdiction and have an affirmative duty to determine whether they have jurisdiction over a particular case. *Irving v. United States*, 162 F.3d 154, 160 (1st Cir.1998). Plaintiff claims jurisdiction pursuant to 28 U.S.C. § 1331—the statute on federal question jurisdiction. However, this statute by itself does not create jurisdiction. *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir.1980); *Las Brisas, S.E. v. Dep't of Agriculture*, 8 F.Supp.2d 141, 148 (D.P.R. 1998).

■ In her complaint, Plaintiff cites to no statute other than section 1331 to support her claim of jurisdiction. This statute, by itself, is insufficient to create jurisdiction. She does allege that her First Amendment rights have been violated. Although she does not so specify in her complaint, the Court shall generously construe her claim to be one brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Generally, federal employees are prevented from bringing *Bivens* actions by the remedies available to them under the Civil Service Reform Act ("CSRA"). *See Schweiker v. Chilicky*, 487 U.S. 412, 422–423, 108 S.Ct. 2460, 2467–68, 101 L.Ed.2d 370 (1988); *Bush v. Lucas*, 462 U.S. 367, 385–90, 103 S.Ct. 2404, 2414–17, 76 L.Ed.2d 648 (1983); *Robbins v. Bentsen*, 41 F.3d 1195, 1201–03 (7th Cir.1994); *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 263–64 (6th Cir.1991); *Saul v. United States*, 928 F.2d 829, 838–40 (9th Cir.1991); *Spagnola v. Mathis*, 859 F.2d 223, 228–30 (D.C.Cir.1988) (per curiam); *Bolivar v. Director of the FBI*, 846 F.Supp. 163, 167–69 (D.P.R.1994), *aff'd* 45 F.3d 423,

1995 WL 8858 (1st Cir.1995) (unpublished opinion). This may be so even though the CSRA does not provide for administrative or judicial review of the challenged action. *Blankenship v. McDonald,* 176 F.3d 1192, 1195 (9th Cir.1999); *Lee v. Hughes,* 145 F.3d 1272, 1275–76 (11th Cir.1998).[1] Accordingly, the Court **orders** Plaintiff to show cause by **July 20, 2000,** why her claim should not be dismissed on the grounds that this Court lacks jurisdiction to hear her claim.

Plaintiff's claim appears to suffer from a second defect. It is not clear that she states a claim for which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6). In support of her cause of action, she invokes the three-pronged balancing test discussed in *Tang v. Rhode Island Dep't of Elderly Affairs,* 163 F.3d 7, 12 (1st Cir.1998). *See also Padilla–Garcia v. Rodriguez,* 212 F.3d 69, 78–79 (1st Cir.2000); *Hennessy v. City of Melrose,* 194 F.3d 237, 245–46 (1st Cir.1999); *O'Connor v. Steeves,* 994 F.2d 905, 912–13 (1st Cir.1993); *Guilloty Perez v. Agostini,* 37 F.Supp.2d 103, 108–09 (D.P.R.1999). Plaintiff's reliance on this test is misplaced. In *Tang* and the other cases that utilized this test, the plaintiff claimed to have suffered an adverse action *in retaliation for* having spoken out on a matter of public concern. Plaintiff's situation is different. She is not claiming that she was retaliated against because she has spoken out on the Vieques issue. Rather, she is claiming that she is being forced to work on the Vieques issue in a manner that is counter to her personal beliefs. Thus, at first blush, *Tang* and the other cases on this matter appear to be inapposite.

■ A closer examination and application of this balancing test to Plaintiff's case only reenforces this initial determination that the three-part test does not support

her cause of action. When the government is acting as an employer, it has broader powers to limit speech than it does when it is acting as the sovereign. *Waters v. Churchill,* 511 U.S. 661, 671–72, 689, 114 S.Ct. 1878, 1886, 1890, 128 L.Ed.2d 686 (1994) (plurality opinion). The government should be given wide discretion and control to manage its own internal affairs and personnel. *Connick v. Myers,* 461 U.S. 138, 151, 103 S.Ct. 1684, 1692, 75 L.Ed.2d 708 (1983) (quoting *Arnett v. Kennedy,* 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (1974) (Powell, J., concurring)). A public agency need not be run as a roundtable to hear and consider every employee complaint regarding the agency's internal affairs. *Connick,* 461 U.S. at 149, 103 S.Ct. at 1691.

■ Under the three-part balancing test invoked by Plaintiff, a court must first determine whether the employee's statements were on matters of public concern or merely of personal interest. *Id.* at 147, 103 S.Ct. at 1690; *Tang,* 163 F.3d at 12. Second, the court must balance the employee's First Amendment rights against the government's interest in efficient, disruption-free agency performance. *Pickering v. Bd. of Educ. of Township High School,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–35, 20 L.Ed.2d 811 (1968); *Tang,* 163 F.3d at 12. Third, the employee must show that her expressions were a substantial or motivating factor in the government's adverse employment decision; the government then must show that it would have made the same decision even if the employee had never made the statements. *Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *O'Connor,* 994 F.2d at 913.

Plaintiff does not appear to satisfy any of these tests. At the first step, a court

---

1. In her complaint, Plaintiff claims that her claim does not arise out of a personnel action and thus is not precluded by the CSRA. However, the CSRA defines a "personnel action" as, among other things, a "detail, transfer, or reassignment." 5 U.S.C.A. § 2302(a)(2)(A)(iv) (West 1996). Her complaint is based on precisely such an action—her being detailed or assigned to handle Vieques trespass cases. Thus, the CSRA would appear to apply to her complaint.

must determine whether the employee was speaking "as a citizen upon matters of public concern," or "as an employee upon matters only of personal interest." *Connick*, 461 U.S. at 147–48, 103 S.Ct. at 1690; *O'Connor*, 994 F.2d at 912. If the topic is merely a persona matter and not one of public concern, the employment decision will generally not be subject to challenge in federal court. *Connick*, 461 U.S. at 147, 103 S.Ct. at 1690; *O'Connor*, 994 F.2d at 912. A court should not presume that all matters dealt with in a government office are of public concern. To do so would be to make every government employee's remark or criticism the grounds for a constitutional case. *Connick*, 461 U.S. at 149, 103 S.Ct. at 1691. An employee's complaints or grievances regarding personal working conditions are not protected. *Tang*, 163 F.3d at 12–13.

■ In the present case, the Court takes Plaintiff's allegations to be true. She complains that she told her supervisors that she was "morally and ethically precluded" from prosecuting the Vieques cases. Her expression on this issue, however, is not a matter of public concern; it is merely a matter of her own personal beliefs. The distinction is significant and bears elaboration. As a means of illustration, consider one person who says, "The United States Navy should leave Vieques," and a second person who says, "*I believe that* the United States Navy should leave Vieques." The first person is speaking out on a matter of public concern. The second person, however, is speaking out only on her own beliefs. Plaintiff's situation is analogous to this second person. When she told her supervisors that she could not, in conformity with her beliefs, work on the Vieques cases, she was merely making an observation about her own personal beliefs. Her beliefs on Vieques are not matters of public concern. They are, instead, matters "only of personal interest." *See Connick*, 461 U.S. at 147–48, 103 S.Ct. at 1690. Her expressions that she did not want to work on these cases were merely complaints about her own working conditions or assignments. *See Tang*, 163 F.3d at 12–13. Such matters are, quite simply, not subject to constitutional protection. Thus, it appears that Plaintiff is unable to satisfy the requirements at this first step.

At the second step, a court must balance the employee's First Amendment rights, as well as any public interest in the information about which the employee was speaking, against the government's interest in promoting the efficient performance of the service the government agency seeks to provide through its employees. *Pickering*, 391 U.S. at 568, 88 S.Ct. at 1734–35; *O'Connor*, 994 F.2d at 912. The court should consider the significance of the interests of the employee's speech against the government employer's interests of avoiding unneeded disruptions to its mission of serving the public. *O'Connor*, 994 F.2d at 915. It is the government's dual role of a public employer and the sovereign operating under the First Amendment's constraints which makes this balancing necessary. *Rankin v. McPherson*, 483 U.S. 378, 384, 107 S.Ct. 2891, 2897, 97 L.Ed.2d 315 (1987). In making this analysis, a court must consider the manner, time, place, and context of the employee's statements. *Id.* at 388, 107 S.Ct. at 2899. Among the factors which a court should take into account are whether the employee's comments disrupt harmony among co-workers; impede superiors from maintaining discipline; interfere with the agency's regular operations; or detract from the speaker's performance. *Id.* When an agency requires close working relationships to enable it to fulfill its public duties, the public employer's judgment should be afforded a wide degree of deference. *Connick*, 461 U.S. at 151–52, 103 S.Ct. at 1692; *Moran v. Washington*, 147 F.3d 839, 846 (9th Cir.1998); *Propst v. Bitzer*, 39 F.3d 148, 152–53 (7th Cir.1994). This balancing is a legal question. *Hennessy*, 194 F.3d at 246.

■ As discussed above, Plaintiff's speech does not appear to be on a matter

of public concern. Thus, a balancing of interests easily favors Defendant. However, even if the Court were to find her speech to be of public concern, a balancing would still favor Defendant. The government must be afforded wide control and discretion over the management of its internal affairs. *Id.* at 249; *Moran,* 147 F.3d at 846. Defendant, as head of the United States Attorney's Office, certainly has an interest in determining which attorneys should handle which cases. These assignments are personnel decisions, and the Court should be deferential to these decisions. If the Court were to adopt Plaintiff's theory on this matter, every disagreement over the cases assigned to an Assistant U.S. Attorney could be elevated to a dispute of constitutional dimensions. The case law in this area does not support such judicial oversight of the day-to-day management of a U.S. Attorney's Office. The balancing at this second step, thus, appears to favor Defendant.

At the third and final step, the employee must show that her protected expression was a substantial or motivating factor in the adverse employment action taken against her. *Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. at 576; *O'Connor,* 994 F.2d at 913. Here, the inapplicability of this three-part test to Plaintiff's case is most apparent. She does not complain that her speaking out on this issue was a substantial or motivating factor in her being assigned to the Vieques cases. There is no allegation of retaliation. Thus, the third part of this test is inapplicable to her case. Based on all of the above, the Court **orders** Plaintiff to show cause by **July 20, 2000,** why this case should not be dismissed for failure to state a claim upon which relief could be granted.

Plaintiff does not allege that she has been prevented from voicing her opinion on the Vieques issue. She complains only that she is being forced to prosecute cases with which she personally disagrees. It should come as no surprise to point out that attorneys are constantly called upon to represent clients and argue positions which may not square with their own personal beliefs. This is true for attorneys in the public, as well as the private, sector. That is the nature of the profession. The First Amendment provides broad protection for the free expression of ideas. Its scope is not so broad, however, as to allow government attorneys to utilize the federal court as a means to evade the work assigned to them by their supervisors.

Lastly, Plaintiff seeks a temporary restraining order and preliminary injunction enjoining Defendant from assigning her to Vieques cases. The Court denies her request for provisional remedies for the following reasons. First, before the Court can grant any relief, Plaintiff must first demonstrate that the Court has jurisdiction over this matter. Second, a showing of likelihood of success is required before a Court may grant such provisional remedies. *See Philip Morris, Inc. v. Harshbarger,* 159 F.3d 670, 674 (1st Cir.1998) ("Likelihood of success is the touchstone of the preliminary injunction inquiry."); 13 *Moore's Federal Practice* § 65–36[2], at 65–84 (3d ed.1997). As discussed above, Plaintiff has not made such a showing. Third, before a court may issue injunctive relief on behalf of a federal employee against her employer, the plaintiff must make "a very strong showing of irreparable injury." *DeNovellis v. Shalala,* 135 F.3d 58, 62 (1st Cir.1998). Plaintiff has not made such a showing. Thus her requests for a temporary restraining order and a preliminary injunction are denied.

WHEREFORE, the Court **orders** Plaintiff to show cause by **July 20, 2000,** why this case should not be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**